THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  07-cv-01772-REB − KLM

MERITAIN HEALTH, INC., a New York corporation,

    **Plaintiff,**

v.

DAVID MCFERRIN, an individual, and
REGIONAL CARE, INC., a Nebraska corporation,

    **Defendants.**

---

## STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

---

THIS MATTER comes before the Court on the stipulated Motion of the Parties for entry of a Protective Order concerning the treatment of Confidential Information produced in this litigation.  The court, being fully advised, HEREBY ORDERS that the Motion is GRANTED.  Confidential Discovery Material (as defined below) produced in the course of this litigation will be subject to the following terms:

### DEFINITIONS

For the purposes of this Stipulation and Order the following definitions shall apply:

"**Discovery Material**" means all documents, depositions, deposition exhibits, responses to discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of physical evidence, and any other information produced pursuant to the Federal Rules of Civil Procedure or

otherwise exchanged by and among the parties and non-parties in connection with this litigation.

"**Confidential Discovery Material**" means Discovery Material designated as either "Confidential" or "Confidential - Restricted" under the terms of this Stipulation and Order.

"**Producing Party**" means any party or non-party to this action producing Discovery Material.

"**Designating Party**" means any Producing Party or other party to this action who designates Discovery Material as "Confidential" or "Confidential - Restricted."

"**Receiving Party**" means any Party or Non-Party to this action who receives Discovery Material.

## TERMS

**Discovery Material.**

1.     Any Producing Party may designate its own Discovery Material as "Confidential" or "Confidential - Restricted" under the terms of this Stipulation and Order if the party in good faith believes that the Discovery Material contains non-public, proprietary, commercially sensitive, or personal information that requires the protections provided in this Stipulation and Order.  Any party may designate as "Confidential" or "Confidential-Restricted" a document created by the party, or that is in the party's possession with the authorization of the entity that created the document, that is also in the possession of an adverse party and is produced in discovery, provided that such Designating Party in good faith believes that such document contains non-public,

2

proprietary, commercially-sensitive or personal information belonging to or relating to the Designating Party that requires the protections provided in this Stipulation and Order.  In addition, any party may designate as "Confidential" or "Confidential-Restricted" any deposition testimony that addresses information concerning the Designating Party, provided that the Designating Party in good faith believes that the testimony contains non-public, proprietary, commercially sensitive or personal information.  Confidential Discovery Material may include, but is not limited to, documents and deposition testimony containing the following types of information:

A.   Non-public revenue, cost, income, profits, margins, profit margins, financial projections, business plans or other non-public financial data;

B.   Non-public information relating to proposed or actual sales, advertising, marketing, product development or related information;

C.   Non-public information relating to customers or potential customers, including requests for proposals ("RFPs"), supporting documentation relating to RFPs, responses to RFPs, customer requirements and related customer-specific information;

D.   Any material considered in good faith by the Producing or Designating Party to constitute a trade secret;

E.   Non-public studies or analyses by internal or outside experts or consultants; and

F.   Any other material qualifying for protection under Fed. R. Civ. P. 26(c)(7).

2.      Any Confidential Discovery Material produced in this litigation, and information derived therefrom, shall be used by the recipient solely for purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation, and shall not be disclosed to any individual except as authorized by the terms of this Stipulation and Order.

**Designation Procedure for Discovery Material.**

3.      The designation of Discovery Material as "Confidential" or "Confidential - Restricted" for purposes of this Stipulation and Order shall be made in one or more of the following manners by the Producing Party or, where authorized under paragraph 1 hereof, the Designating Party:

A.      In the case of documents or other materials (excluding depositions or pretrial testimony), by stamping each page of the document or material with the legend "Confidential" or "Confidential - Restricted.";

B.      In the case of deposition or pretrial testimony, by a statement on the record by counsel that said deposition or pretrial testimony, or any portion thereof, is "Confidential" or "Confidential - Restricted." Counsel shall direct the court reporter to affix the appropriate confidentiality notation ("Confidential" or "Confidential – Restricted") to the respective portion of the original transcript and all copies prepared by the court reporter and those portions of the transcript so designated shall be deemed Confidential Discovery Material. Any party can designate

4

additional portions of the transcript as "Confidential" or "Confidential-Restricted" by delivering written notification to counsel for the other parties and the court reporter who recorded the deposition within ten days of receipt of the deposition transcript.  Upon receipt of timely notification of the designation of additional portions of the deposition transcript as "Confidential" or "Confidential-Restricted", the court reporter shall affix the appropriate confidentiality notation to the portion of the original transcript so designated and all parties shall affix the confidentiality notation to their copies of the transcript; or

C.   In the case of any other production of Discovery Material not otherwise covered by this Stipulation and Order, a written statement made by counsel for the Producing Party or Designating Party to counsel for the other parties that such Discovery Material or any portion thereof is "Confidential" or "Confidential - Restricted."

**Disclosure of "Confidential" Material.**

4.   Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available, in whole or in part, only to the following persons:

A.   The Court, persons employed by the Court and stenographers transcribing the testimony or argument at any hearing, trial or deposition in this action or any appeal therefrom;

5

B.     Any named party, outside counsel to such parties who have entered appearances in this action, in-house counsel for the corporate parties, and attorneys, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel who are assigned to work on this litigation, including outside copying services;

C.     Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 10;

D.     Witnesses questioned by counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action and provided that (i) the witness signs an Undertaking in the form attached as Exhibit A agreeing to be bound by the terms of this Order, or (ii) if a witness refuses to sign an Undertaking during a deposition, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to a Protective Order in this case and may not be communicated to any other person, and that any misuse of the Confidential Discovery Material will violate the Court's Order and will be punishable as a contempt of Court;

E.     An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to

assist counsel in the prosecution or defense of this action, and provided

that such author or recipient signs an Undertaking in the form attached

as Exhibit A agreeing to be bound by the terms of this Order; and/or

F.   The claims counsel or representative of any insurer of any party to this

action, provided that such disclosure is made only in connection with a

claim for a defense or indemnity arising from this action and the claims

counsel or representative signs an Undertaking in the form attached as

Exhibit A agreeing to be bound by the terms of this Order.

5.   Any parties' agreement to treat any information as "Confidential" for

purposes of this litigation shall not be construed as an admission by any party that the

information so designated is confidential, non-public, proprietary, commercially

sensitive, competitively sensitive, trade secret or proprietary personal information of any

one party.

6.   Counsel for each party will retain the original Undertaking attached hereto

as Exhibit A for each individual to whom Confidential Discovery Material is disclosed

pursuant to the terms of this Order, and shall serve copies of each signed Undertaking

on all parties.

**Disclosure of "Confidential – Restricted" Discovery Material.**

7.   A Designating Party shall have the right to designate Discovery Material

consisting of non-public, proprietary, commercially sensitive, competitively sensitive,

trade secret or personal information as "Confidential - Restricted." The burden shall be

on the Designating Party to demonstrate, if challenged, that such Discovery Material

contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret or personal information entitled to such a restriction.  Any parties' agreement to treat any information as "Confidential – Restricted" for purposes of this litigation shall not be construed as an admission by any party that the information so designated is confidential, non-public, proprietary, commercially sensitive, competitively sensitive, trade secret or proprietary personal information of any party.

      8.     Discovery Material designated as "Confidential - Restricted" may be disclosed, summarized, described, characterized or otherwise communicated or made available, in whole or in part, only to the following persons other than the Designating Party:

      A.     The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

      B.     Outside counsel to the parties (whether or not they have entered appearances in this action, provided they are employed by the same law firm as outside counsel who have entered an appearance in this action), and legal, clerical, paralegal and secretarial staff employed or retained by such outside counsel, including outside copying services;

      C.     Defendant McFerrin and one designated in-house attorney for each corporate party provided that they first sign an undertaking in the form attached as Exhibit A agreeing to be bound by the terms of this Order. Defendant McFerrin and the designated in-house attorney for each

corporate party are prohibited from disclosing, characterizing,

summarizing or in any other manner disclosing Confidential Discovery

Material designated as "Confidential – Restricted" to any third party,

including, but not limited to,  spouses, and other employees and agents

of the corporate parties, unless otherwise provided for in this Order;

D.    Experts or consultants retained by counsel (who are not a party in this

case or affiliated with a party) in connection with this action in

accordance with the terms of paragraph 10;

E.    Deposition witnesses questioned by counsel for a party in connection

with this action, but only to the extent necessary to assist counsel in the

prosecution or defense of this action, and provided that (i) the witness

signs an Undertaking in the form attached as Exhibit A and thereby

agrees to be bound by the terms of this Order, or (ii) if the witness

refuses to sign an Undertaking, and the witness' refusal is noted on the

deposition record, counsel provides the witness with a copy of this

Order, informs the witness and the witness acknowledges that the

information to be communicated is Confidential, subject to the

Confidentiality Order in this case, may be used only in connection with

that deposition and may not be communicated to any other person, and

that the witness is subject to the Confidentiality Order and any misuse of the

Confidential Discovery Material will violate the Court's Order and will be

punished as a contempt of Court; and/or

F.    The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action, and provided that such claims counsel or representative signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

9.    Counsel for each party will retain the original Undertaking attached hereto as Exhibit A for each individual to whom Confidential Discovery Material is disclosed pursuant to the terms of this Order, and shall serve copies of each signed Undertaking on all parties.

**Designation Disputes.**

10.    If any party objects to the designation of any Discovery Material as "Confidential" or "Confidential - Restricted," the parties shall attempt to resolve the dispute in good faith on an informal basis.  If they are unable to resolve the dispute informally, the objecting party may move for relief from this Order with respect to the challenged Discovery Materials.  If the objecting party makes such a motion, the Discovery Material shall continue to be deemed "Confidential" or "Confidential - Restricted" under the terms of this Order until the Court rules on such motion.  In any proceeding to release Confidential Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon the party making the designation to sustain the burden of establishing the appropriateness of the

classification under Fed. R. Civ. P. 26(c) and/or C.R.S. § 7-74-101 *et seq*. A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

**Use of Confidential Discovery Material.**

11.    A.    Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling the expert or consultant to prepare an opinion, to prepare to testify and testify at trial, hearings or depositions, or to otherwise assist counsel in the prosecution or defense of this action.  Before receiving any such material, the consultant or expert shall sign an Undertaking in the form attached to this Order as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use Confidential Discovery Material for purposes other than those permitted pursuant to the terms of this Order.

B.    Confidential Discovery Material designated as "Confidential-Restricted" shall not be disclosed to any expert or consultant without prior written notice to the Designating Party.  The Designating Party shall have ten (10) business days following receipt of such notice to object to disclosure of "Confidential-Restricted" materials to the expert or consultant.  If the parties, after consultation, cannot agree as to the propriety of disclosing "Confidential-Restricted" materials to a particular expert or consultant, the party objecting to such disclosure shall move this Court for an order prohibiting such disclosure within fifteen days following receipt of the notice and shall bear the burden of obtaining the requested relief.  In moving for such relief, there shall

be no presumption for or against such motion arising from the parties' agreement to this stipulated Order.  No "Confidential-Restricted" materials may be disclosed to an expert or consultant in the event of such a dispute unless and until the Court rules that such disclosure is permissible.  In the event awaiting a Court ruling regarding disclosure should interfere with any deadlines for making expert disclosures, the parties agree to stipulate to any additional time necessary for making expert disclosures.

12.    No copies of Confidential Discovery Material shall be made except by or on behalf of the persons listed in paragraphs 4 (A) - (C) and (F) and 7 (A) – (C).  To the extent authorized persons make or obtain copies of Confidential Discovery Material, any copies shall be used solely for the purposes of this action and in accordance with the provisions of this Order.

13.    In the event Confidential Discovery Material is filed with the Court, the documents shall be filed under seal in accordance with D.C. Colo. L Civ. R. §§7.2 and 7.3.  Any party who desires to file such documents under seal must move the Court pursuant to D.C. Colo. L. Civ. R. §§ 7.2 and 7.3.  All materials filed under seal shall be released from confidential treatment only upon order of the Court.

14.    In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel for each party shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material, including, but not limited to, requesting the Court to hear counsel with respect to such information in camera.  No party, other than the party who designated the particular material as Confidential Discovery Material shall offer Confidential

Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Court in any court proceeding, without first advising the Designating Party of its intent to do so.  At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the hearing while Confidential Discovery Material is discussed and the sealing of the pertinent parts of the Court record.  The use of Confidential Discovery Material in any court proceeding shall not limit in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

15.     The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was produced, all persons having received Confidential Discovery Material shall either return all Confidential Discovery Material and all copies of Confidential Discovery Material (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and certify in writing to the Designating Parties or their counsel that such destruction has occurred.  Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that contain Confidential Discovery Material or references to Confidential Discovery Material; provided that, in perpetuity, such counsel, and employees of such counsel,

shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Designating Party.

16.     If any person who has possession, custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking Confidential Discovery Material by a person or entity not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of the subpoena, demand or legal process, to the Designating Party.  The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Discovery Material.

17.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of the executed Order to all other counsel in this action, unless the different counsel entering an appearance is employed by one of the law firms currently of record in these proceedings, in which case those counsel shall already be deemed to be bound by this Order.

18.     Neither this Order, the production or receipt of Confidential Discovery Material, nor otherwise complying with the terms of this Order, shall:

Case 1:07-cv-01772-REB-KLM      Document 24-2      Filed 09/18/2007      Page 15 of 19

A.      Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

B.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion of any document), testimony or other evidence subject to this Order,

C.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

D.      Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular Discovery Material; or

E.      Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential" or "Confidential - Restricted."

19.      Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

20.    This stipulation shall be binding on the parties prior to its entry as an

Order.  Should the Court not enter this stipulation as an Order, it shall remain binding

upon the parties until such time as the Court enters a different protective order providing

substantially similar protections to those contained in this stipulation.

DATED this _2nd_ day of ~~September~~ *October*, 2007.

BY THE COURT:

_____
United States ~~District Court~~ Judge
*Magistrate*

Kristen L. Mix
United States Magistrate Judge
District of Colorado

STIPULATED AND AGREED TO:

WHEELER TRIGG KENNEDY LLP

ARCKEY & REHA LLC


By:   s/ Raymond W. Martin      09/18/07
      Raymond W. Martin         Date
      Galen D. Bellamy
      1801 California Street, Suite 3600
      Denver, CO 80202
      Tel:  (303) 244-1863
      Fax:  (303) 244-11979
      Email:  martin@wtklaw.com
      Email:  bellamy@wtklaw.com

      Attorneys for Meritain Health, Inc.

By:   s/ John F. Reha            09/18/07
      John F. Reha                Date
      26 W. Dry Creek Circle, Suite 800
      Denver, CO 80202
      Tel:  (303) 798-8546
      Fax:  (303) 798-4637
      Email:  jfr@arlaw.us

      Attorneys for David McFerrin


ROTHGERBER JOHNSON & LYONS LLP

ROTHGERBER JOHNSON & LYONS LLP


By:   s/ Michael D. Nosler       09/18/07
      Michael D. Nosler           Date
      1200 Seventeenth Street, Suite 3000
      Denver, CO 80202-5855
      Tel:  (303) 623-9000
      Fax:  (303) 623-9222
      Email:  mnosler@rothgerber.com

      Attorneys for Regional Care, Inc.

By:   s/ S. Kato Crews           09/18/07
      S. Kato Crews               Date
      90 S. Cascade Avenue, Suite 1100
      Colorado Springs, CO 80903
      Tel:  (719) 386-3000
      Fax:  (719) 386-3070
      Email:  kcrews@rothgerber.com

      Attorneys for Regional Care, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  07-cv-01772-REB

MERITAIN HEALTH, INC., a New York corporation,

**Plaintiff,**

v.

DAVID MCFERRIN, AN INDIVIDUAL, AND
REGIONAL CARE, INC., A NEBRASKA CORPORATION,

**Defendants.**

---

**"EXHIBIT A"**
**STIPULATION AND ORDER PROTECTING CONFIDENTIAL MATERIAL**

---

I, _____ , declare that:

1.     My address is _____ .

2.     My present employer is _____ .

3.     My present occupation or job description is _____ .

4.     I have read and know the contents of the Stipulation And Order Protecting Confidential Material in the above-entitled action.

5.     I understand that I am bound by the terms of the Stipulation And Order Protecting Confidential Material.

6.     I shall, upon being notified of the termination of the above-entitled action, return all copies of Confidential Discovery Material to counsel from whom I received such Confidential Discovery Material, and I shall destroy any notes and/or memoranda I have regarding the Confidential Discovery Material.

7.     I subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the Stipulation And Order Protecting Confidential Material.

8.     I understand that by executing this document, I am not admitting in any regard that the information subject to this document is indeed confidential, competitively sensitive, trade secret, or proprietary personal information of any party to this case or any other entity.

9.     I declare that the forgoing is true and correct.


Dated: _____, 2007          By:_____


562170v.2


2